Per Curiam.

It was error to dismiss the complaint upon the theory that plaintiff, a foreign corporation, was doing business in this State without filing a certificate of authority with the Secretary of State. Plaintiff’s proof indicates that the contract here involved was made in the State of New Jersey in November, 1958. Prior to September 1, 1963, an unauthorized foreign corporation was precluded from maintaining an action on a contract made in this State unless it had obtained a certificate of authority before making the contract. (General Corporation Law, § 218.) The latter statute has been held not to apply to contracts made without the State. (Bertolf Bros. v. Leuthardt, 261 App. Div. 981.) Section 1312 of the Business Corporation Law (eff. Sept. 1, 1963) now prohibits the maintenance of any action or special proceeding by an unauthorized corporation until it has obtained authority to do business in this State. However, this new law does not affect any cause of action which had accrued or was pending, as in this case, on its effective date. (Business Corporation Law, § 103, subd. [d].)
The judgment should be reversed and a new trial ordered, with $30 costs to plaintiff, to abide the event.
Concur — Hart, Martuscello and Hogan, JJ.
Judgment reversed, etc.